In the matter of the estate of JULIA PRATT BABCOCK, deceased.

CLARENCE D. MEYER, executor under the last will and testament of Julia Pratt Babcock, deceased, proctor *pro se*, appellant,

*v.*

CAREY & LANE, proctors *pro se*, respondents.

[Submitted October term, 1932. Decided January 31st, 1933.]

*Mr. Clarence D. Meyer,* proctor *pro se.*

*Messrs. Carey & Lane,* proctors *pro se.*

The opinion of the court was delivered by

BODINE, J.

It appears from the record before us that the executor under the last will and testament of Mrs. Babcock employed counsel to represent the estate in litigation then pending in the court of chancery and which, if successful, would have resulted in the absorption of the entire estate. The matter involved was appealed to this court. The decree in chancery was affirmed.

Counsel, so employed, gave notice that he would apply for a counsel fee on the settlement of the executor's final account in the orphans court. An allowance was made. The executor had a perfect right to employ counsel, when necessary, to protect the estate confided to his charge, and the orphans court has the power and duty to award reasonable counsel fees. *In re Wolfe Case, 34 N. J. Eq. 223; Kingsland* v. *Scudder, 36 N. J. Eq. 284.*

It is suggested that counsel employed by an executor had no right to ask the orphans court for the allowance of a counsel fee. Not so. The executor would be derelict if he made payment of a counsel fee without court allowance and might, if the same was improper, have been surcharged therefor. The orphans court has full power and authority to hear and determine all controversies involving an accounting in a decedent's estate. Section 2 of the Orphans Court act. The allowance of a counsel fee for services rendered in an estate is a proper matter to be considered on an accounting.

After the allowance of the counsel fee in question, the executor appealed to the prerogative court. This he had a right to do, if he were a person aggrieved by the allowance of the counsel fee. Article 6, section 4, paragraph 3 of the state constitution. The vice-ordinary held that the executor was not aggrieved by the allowance of a counsel fee, because he was not a residuary legatee and dismissed the appeal. In this, we think, there was error. The executor charged with a trust is in duty bound to conserve it. It is far too narrow a construction of the right of appeal to hold that nothing aggrieves an executor except that which comes out of his own pocket. His duty is to protect the estate from all claims which he may regard as unfounded or unreasonable.

There is nothing in the record before us to show the basis of the orphans court's decision. The fact that the estate was large and the litigation of serious import were factors no doubt considered by the orphans court, together with the admitted skill and experience of counsel. The prerogative court was bound to consider the appeal on its merits.

The decree of dismissal is reversed with instructions that

the prerogative court consider the reasonableness of the award of counsel fees as made in the orphans court.

*For affirmance*—None.

*For reversal*—The Chancellor, Trenchard, Parker, Lloyd, Case, Bodine, Donges, Brogan, Heher, Kays, Hetfield, Wells, Kerney, JJ. 13.